NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 11 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BIKASH KUNWAR,

Petitioner,

v.

ROBERT M. WILKINSON, Acting
Attorney General,

Respondent.

No.    16-73914

Agency No. A205-853-171

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2021**
San Francisco, California

Before:  WALLACE, GOULD, and FRIEDLAND, Circuit Judges.

Bikash Kunwar, a native citizen of Nepal, petitions for review of the Board of

Immigration Appeals' (Board) decision affirming the Immigration Judge's (IJ)

denial of his application for asylum and withholding of removal.  We have

jurisdiction pursuant to 8 U.S.C. § 1252.  We deny the petition.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Where, as here, the Board has incorporated portions of the IJ's decision as its own, "we treat the incorporated parts of the IJ's decision as the" Board's. In reviewing the Board's decision, "we consider only the grounds relied upon by that [A]gency." *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (citations omitted). We review the IJ's factual findings, including adverse credibility determinations, for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). These findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (citation omitted). We review the IJ's and the Board's (collectively, the Agency) legal conclusions de novo. *Santiago-Rodriguez*, 657 F.3d at 829.

Kunwar asserts he is a member of the Nepali Congress Party (NCP) and fears harm by the Communist Party of Nepal-Maoist (Maoist) if returned to Nepal. Kunwar alleges that members of the Maoist party threatened him because of his political affiliation and his participation in small rallies against them. The Maoists allegedly demanded Kunwar pay a "donation" or "something bad [would] happen to [him]" because he spoke out against the Maoist party. Over the summer of 2012, the Maoists allegedly called him, went to his home, and went to his workplace at the family rice mill to threaten him, demand money, and insist that he join the Maoist party. Eventually the Maoists allegedly beat him at his family's rice mill, but he

managed to escape. Kunwar fled Nepal shortly thereafter. Kunwar never reported these incidents to the police because he thought they were afraid of the Maoists too.

The IJ denied Kunwar's application for asylum, withholding of removal, and protection pursuant to the Convention Against Torture (CAT) on adverse credibility grounds. The IJ found that Kunwar was not credible because of the implausibility of aspects of his claim, his attempted embellishments, as well as significant inconsistencies in his testimony and between his testimony and submitted documentation. We hold that substantial evidence supports the IJ's determination that Kunwar was not credible. Kunwar did not appeal from the IJ's decision regarding his CAT claim to the Board, and the Board upheld the IJ's adverse credibility determination.

In making an adverse credibility determination, an IJ must consider "the totality of the circumstances." 8 U.S.C. § 1158(b)(1)(B)(iii). The REAL ID Act permits an IJ to consider "all relevant factors . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." *Id*. The Board reviews that determination under the clearly erroneous standard. 8 C.F.R. § 1003.1(d)(3)(i). An adverse credibility decision based upon specific record citations sufficiently supports the denial of asylum and withhold of removal. *See Singh v. Lynch*, 802 F.3d 972, 975–77 (9th Cir. 2015) (also holding that the adverse credibility finding supports the denial of CAT relief when the CAT

3

claim is based entirely upon the same incredible statements).

The Agency discussed numerous instances of inconsistency, including who knew about the alleged threats against Kunwar, Kunwar's role in NCP, the location of NCP meetings, and whether the alleged attacks against him had been reported to the police or NCP. In addition, we focus on the significant discrepancies in Kunwar's evidence relating to the alleged physical altercation with the Maoists on June 29, 2012. Kunwar testified that five Maoists confronted him on that day at his father's rice mill where he worked, and they beat him for his refusal to pay a donation and become a member of the Maoist party. However, Kunwar's account of this incident is both inconsistent and implausible.

Kunwar gave different descriptions of the altercation. He stated the men used sticks to beat him, but he had failed to mention sticks during his credible fear interview. He also mentioned for the first time during his testimony that the Maoists could have had guns, although he did not see them. These material changes to his "story of persecution" cut against Kunwar's credibility. *See Zamanov v. Holder*, 649 F.3d 969, 973–74 (9th Cir. 2011) (upholding adverse credibility finding because petitioner's omissions did not constitute "a mere lack of detail" but "went to the core of his alleged fear of political persecution" and "materially altered his entire story in a way that case doubt on his credibility"). Kunwar also vacillated on whether his father was aware when the Maoists came to the mill.

4

In addition, when confronted with the implausibility of his father directing Maoists to Kunwar's location without attempting to stop them or warn Kunwar, Kunwar cited his father's possible confusion, fear, or helplessness due to his age and weight; however, Kunwar could not give a consistent age for his father, and it was later revealed that his father was in his 50s, undermining this explanation. Kunwar's explanation for how he was able to escape, despite the Maoists' greater numbers and his having been beaten, was also implausible. Finally, Kunwar's testimony about reporting the Maoists' arson of the rice mill to the police was also inconsistent with his father's statement.

Ultimately, Kunwar's inconsistencies were numerous and substantive. Without credible testimony, Kunwar's asylum claim fails. As Kunwar's eligibility for withholding of removal relies on his asylum claim, his application for withholding of removal also fails. Kunwar has not specifically discussed his CAT claim in his Opening Brief or before the Board, and thus waives his appeal of that claim. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005). For these reasons, we are not compelled to reverse the Agency's denial of Kunwar's application for asylum, withholding of removal, and CAT relief. Kunwar's petition is, therefore, **DENIED**.